IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
[LAREDO DIVISION]

Ruben DeLeon, Jr., Defendant

v.

United States of America, Plaintiff

Dis. Co. no. 5:10-cr-00548
5:11-CV-104

United States District Court
Southern District of Texas
FILED
AUG 19 2011
David J. Bradley, Clerk
Laredo Division

DJM

# MEMORANDA TO SUPPORT 28 U.S.C. 2255 MOTION

Ruben DeLeon, Jr. # 15270-179
F.C.I. MEMPHIS
P.O. Box 34550
Memphis, TN. 38134
Pro-Se Attorney for Defendant
Ruben DeLeon, Jr.

Defendant DeLeon uses the Memoranda To Support 28 U.S.C. 2255 Motion based on the facts below to accompany his claims mentioned in his 28 U.S.C. 2255:

Claim or Ground One: Ineffective Assistance of Pre-Plea Counsel in Violation of the 6th + 14 amendments

The defendant states in this Memoranda To Support 28 U.S.C. 2255 Motion that his pre-plea counsel was ineffective by failing to adequately perform in his case and his errors was so serious and so deficient, which fell extremely below his mandated and guaranteed right afforded by the Sixth Amendment to effective counsel, in violation of the Sixth Amendment & the ABA Standards for Criminal Justice 4-3.8 (2d ed. 1980), by not developing a relationship trust and confidence with Defendant DeLeon so that the defendant will appreciate the case or his case based on the fact that the case was adequately prepared based on evidence against him, Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984); Wardrip v. Quarterman, 705 F. Supp. 2d 593-632 (N.D. Tex. 2008); Ogle v. Johnson, 488 F.3d 1364 (11th Cir. 2007); Eagle v. Linahan, 279 F.3d 926 (11th Cir. 2000); Jells v. Mitchell, 538 F.3d 478-501 (6th Cir. 2008); Guilmette v. Howes, 624 F.3d 286-93 (6th Cir. 2010), in which the ineffective and deficient performance was triggered by Attorney or Defense Attorney Oscar O Pena's poor advice to the defendant to take a guilty plea to a charge or drug charge that consisted of only "hearsay" testimony by a witness in a criminal complaint (See Exhibit 1) that was not personally observed or investigated through a court-ordered surveillance order by a district judge based on probable cause from Agent Walter Frisch (Special Agent, U.S. Immigration and Customs Enforcement) to obtain an arrest warrant for Defendant DeLeon's arrest based solely on hearsay, in violation of (2011) Federal Rules of Criminal Procedure, Rule 4, Notes of Advisory Committee on 2002 Amendments & Rule 9(a) (See Exhibit 1 ; Defendant DeLeon's Criminal Docket Sheet, Doc. 59 ), Malley v. Briggs, 475 U.S. 335-39, 89 L.Ed.2d 271-77, 106 S.Ct. 1092 (1986); Groh v. Ramirez (2004) 540 U.S. 557-59, 157 L. Ed. 2d 1078-79, 124 S.Ct. 1289; Garmon v. Lumpkin County, Ga., 878 F.2d 1406-11 (11th Cir. 1984); Sheehy v. Town of Plymouth, 191 F.3d 15-17 (1st Cir. 1999); proving ineffective assistance of counsel on Defense Attorney Oscar O Pena's behalf, Roe v. Flores-Ortega, 145 L.Ed.2d

(2)

1000-01, 5 _ _ U.S. _ _ , 120 S.Ct. 1029 (2000); via Superintendent, Powhatan Correctional Center, 643 F.2d 167 (1981, CA4, Va.); Tolliver v. United States, 563 F.2d 1117 (1977, CA4, Va.); United States v. Segarra-Rivera, 473 F.3d 381 (1st Cir. 2007); Prou v. United States, 199 F.3d 37, 47-50 (1st Cir. 1999).

Defendant DeLeon states even further that he has passed the two-part test adopted in Strickland v. Washington, 466 U.S. at 668, 688, by proving that: 1) the defendant indeed proved and showed that his pre-plea counsel's representation fell below an objective standard of reasonableness, in violation of the Sixth Amendment & the ABA Standards for Criminal Justice at 4-3.8,[1] by not adequately preparing the affirmative defense in the defendant's behalf based on evidence and making Defendant DeLeon take a guilty plea, pursuant to Fed. R. Crim. P., Rule 11(e)(4)(B), to a drug charge from a criminal complaint that was not based on the agent's personal observation of investigation of Defendant DeLeon committing drug law violations against the United States with the witness based on "hearsay", which is insufficient probable cause that has long been deleted from the Federal Rules by Congress to obtain an arrest warrant for his arrest and an arrest warrant from an indictment, (See 2011 Fed. R. Crim. P. Rule 4, Notes of Advisory Committee on 2002 Amendments & Rule 9(a) or See Exhibit 1)[2] and 2) the result of his case would have been different and he would not have took or accepted a guilty plea if it was not for the pre-plea counsel's deficient advice, Roe v. Flores-Ortega, 528 U.S. at 486, and would have filed a pretrial motion to dismiss his case or indictment based on insufficient probable cause promptly after being indicted, Strickland v. Washington, 466 U.S. at 668, 688; Roe v. Flores-Ortega, 528 U.S. at 486; ABA Standards for Criminal Justice at 4-3.8; Strickland v. Washington, 466 U.S. at 668, 688, in which the deficient advice by the pre-plea counsel and the pre-plea counsel's failure to "properly" and "adequately" investigate the defendant's case before he was adviced to take a plea (See Doc. 59) proved that his performance fell below the Sixth Amendment standard for effective counsel due to the fact that it wasn't any probable cause to arrest Defendant DeLeon on an arrest warrant from an indictment and criminal complaint without the agent's personal observation of Defendant DeLeon violating the United States drug laws with the witness because the witness's "hearsay testimony" could not be used as probable cause, as stated in Exhibit 1 (See Exhibit 1 ), Fed. R. Crim. P. Rule 4, Notes of Advisory Committee on 2002 Amendments & Rule 9(a),[3] which caused severe prejudice and violated his guaranteed right mandated by the Sixth

(3)

Amendments Violated the ABA Code Standards for Criminal Justice at 4-3.8[2], Via v. Superintendent, Powhatan Correctional Center, 643 F.2d at 167-75, due to flagrant error from the pre-plea counsel's "unprofessional, below the Texas Bar Standard" advice, Id. at 171; Roe v. Flores-Ortega, 145 L. Ed. 2d at 1000-01; Prou v. United States, 199 F.3d at 37-40. This claim of error by his pre-plea counsel can support a claim of ineffective assistance of counsel, Id. at 47-49; Via v. Superintendent, Powhatan Correctional Center, 643 F.2d at 167-75; Gonzalez-Soberal v. United States, 244 F.3d 273, 277-79 (1st Cir. 2001), due to the fact that the advice he received from his pre-plea counsel to plead guilty to a drug charge not based on probable cause, in which a "professional counsel certified by The Texas Bar Association", would have known that "hearsay" was long deleted by Congress in 2002 (See Exhibit 1 )[2], which was "8 years" before Defendant DeLeon's alleged criminal complaint and indictment date and Defendant DeLeon "did not" get personally observed by the agent violating the United State drug laws that could be considered as sufficient probable cause within the Congress interpreted meaning as required by the Fourth Amendment's Warrant Clause & Fed. R. Crim. P. Rule 4, Notes of Advisory Committee on 2002 Amendments and Rule 9(a), Malley v. Briggs, 475 U.S. at 335-39, undermined the voluntary and intelligent nature of the defendant's decision to plead guilty, Via v. Superintendent, Powhatan Correctional Center, 643 F.2d at 167-75; Roe v. Flores-Ortega, 528 U.S. at 486 [B]. However, as stated by the U.S. Supreme Court has explained, when a defendant, such as Defendant DeLeon, is represented by counsel during the plea process and sentencing process and enters his plea upon the advice of counsel, such as his pre-plea counsel, the voluntariness of the plea depends on whether counsel's (pre-plea) advice was within the range of competence demanded of attorneys in criminal cases or that pre-plea counsel's conduct falls within the range of reasonable professional assistance that is in compliance with the Sixth Amendment and the ABA Standards for Criminal Justice at 4-3.8[1], Strickland v. Washington, 466 U.S. at 668, 688; Roe v. Flores-Ortega, 528 U.S. at 486. In this herein asserted case, Defendant DeLeon's pre-plea counsel's misadvice was so flagrant that "it resulted from ignorance of the law rather than from informed, professionally prepared and professionally litigated or deliberated law work", which was not within the range of a reasonable professional assistance that fatally and severely violated the Sixth Amendment and the

(4)

ABA Standards for Criminal Justice at 4-3.8", because his pre-plea counsel did not handle this legal matter or handle Defendant DeLeon's case based on adequate preparation from a thorough analysis of what actually occurred based on evidence proven from facts, but only "hearsay" (See Exhibit 1), in which a reasonable professional counsel "would not" have adviced Defendant DeLeon to plead guilty to a drug charge based on "hearsay" from a witness in a criminal complaint by the agent and a reasonable, professional counsel authorized to practice law would have known through daily updates in the law that "hearsay" could not be used as probable cause to have the defendant arrested on an arrest warrant from a criminal complaint and indictment based on "hearsay" alone from the agent without a thorough investigation of Defendant DeLeon to prove that he and the witness was observed personally by him violating the United States drug laws and Defendant DeLeon was the person that he personally observed supply the witness cocaine, as wrongly stated in the criminal complaint based on just "hearsay" alone that has long been deleted by Congress from the Federal Rules as probable cause to obtain an arrest warrant for a person such as Defendant DeLeon's arrest, Fed. R. Crim. P. Rule 4, Notes of Advisory Committee on 2002 Amendments & Rule 9(a); Also See Exhibit 1; Malley v. Briggs, 475 U.S. at 335-39; Via v. Superintendent, Powhatan Correctional Center, 643 F.2d at 167-75; Tolliver v. United States, 563 F.2d at 1117-21; Prou v. United States, 199 F.3d at 37, 47-50; Pichardo v. Ashcroft, 374 F.3d 46, 56 (2nd Cir. 2002) [when the defendant's counsel was ineffective by failing to investigate and review his case, along with the changes in the law that benefits his client, ineffective counsel occurs and a manifest injustice will occur because the change in law goes to the very basis of the client or defendant's case to afford him relief to protect his right guaranteed by the Sixth Amendment to effective assistance of counsel]; Massaro v. United States, 538 U.S. 501, 155 L.Ed.2d 717-18, 123 S.Ct. 1690 (2003). Based on the facts stated herein, Defendant DeLeon has proved that his pre-plea counsel was ineffective and that he passed the two prong requirement to satisfy the Strickland v. Washington, 466 U.S. at 668, 688, Standard to prove a Sixth Amendment violation and a non-compliance by the pre-plea counsel mandated by the ABA Standards for Criminal Justice at 4-3.8", in which he asks this court to "GRANT" this 28 U.S.C. 2255 motion and set aside his plea agreement, pursuant to Fed. R. Crim. P. Rule 11(e), based on the facts demonstrated in this Memoranda To Support 28 U.S.C. 2255 motion, Tolliver v.

(5)

United States at 142]; Dia v. Superintendent, Powhatan Correctional Center, 643 F.2d at 167-75; Pichardo v. Ashcroft, 374 F.3d at 46, 56; Roe v. Flores-Ortega, 528 U.S. at 486; Prou v. United States, 199 F.3d at 37, 47-50; Massaro v. United States, 155 L.Ed.2d at 717-18; Strickland v. Washington, 466 U.S. at 668, 688.

Defendant DeLeon also states to this court that his second claim of prosecutorial misconduct or judicial involvement in a plea negotiation by the prosecutor (AUSA, See Doc. 59) has sufficient merit to warrant relief through **this motion**, in which his involuntary plea of guilt or guilty plea (see Doc. 59), while perfectly capable of rational choice, was confronted with factors that the government attorney may not constitutionally inject into the decision-making process with the ineffective pre-plea counsel's ineffective advice about a proposed plea agreement, in which the prosecutor knew all the time that his unfair treatment of Defendant DeLeon was prohibited by law[3] due to the fact that the prosecutor did not have sufficient proof or "probable cause" for an arrest warrant from a criminal complaint and indictment, other than "hearsay", (see Exhibit #1 ) to bring charges on the defendant, all in violation of the ABA Code of Professional Responsibility at DR 7-103(A) [ a prosecutor has a professional duty not to charge a person or suspect with a crime unless he is satisfied with probable cause; nor shall the prosecutor institute or cause to be criminal charges when **he knows or it** is obvious that the charges are not supported by probable cause mandated by the Fourth Amendment's Warrant Clause ]; American Bar Association Standards For Criminal Justice, The Prosecution Function at §1.1, 3.4 & 3.8, 9; the Fourth Amendment [Warrant Clause], Fifth Amendment [Due Process of Law] & Sixth Amendment [ to be informed of the nature and cause of accusation]; McMahon v. Hodges, 225 F.Supp.2d at 358, 369; Boykin v. Alabama, 23 L.Ed.2d 277, 395 U.S. 238, 89 S.Ct. 1709 (1969) [ Because a guilty plea under attack under Fed. R. Crim. P. Rule 11(e) from Defendant DeLeon's pre-plea counsel being ineffective is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in the relation to the facts based on proof or evidence against him from the prosecutor]; American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating To Pleas of Guilty, Commentary §3.3(a); Machibroda v. United States, 368 U.S. 487, 7 L.Ed.2d 473, 82 S.Ct. 510 (1962) [ out of just consideration for persons accused of crimes, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences]; Walker v. Johnston, 85 L.Ed. 836, 312 U.S. 286 (1941) [due to the fact that the defendant was ignorant of the law, he was deceived by the prosecutor's conduct into taking a plea of guilt or a guilty plea to a charge the prosecutor knew

(6)

consisted of ... [...] ... he ... cannot be used as probable cause ]; Waley v. Johnston, 86 L.Ed. 1302-05, 316 U.S. 101-05 (1942) [ Defendant DeLeon states to this court that he was coerced into taking a guilty plea by the prosecutor due to the fact that the prosecutor manufactured false evidence against him for the purpose to obtain a wrongful conviction; Also see Connick v. Thompson, 131 S.Ct. at 1350, 179 L.Ed. 2d at 417; United States v. Delgado, 631 F.3d at 87-88 ]; Shelton v. United States, 2 L.Ed. 2d 579, 356 U.S. 26, 78 S.Ct. 563 (1958) [ the defendant's guilty plea was improperly obtained ]; Kercheval v. United States, 71 L.Ed. 1009-13, 274 U.S. 220-25 (1927) [ the court will vacate a guilty plea and let a defendant plead anew when the defendant shows that it was unfairly obtained through or gave through ignorance of the law and not based on probable cause by the Prosecutor ]; Santobello v. New York, 30 L.Ed. 2d 427-33, 404 U.S. 257-63, 92 S.Ct. 495 (1971) [ the disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining" is an essential component of the administration of justice; properly administered, it is to be encouraged and the heavy workload in a prosecutor's office does not excuse a lapse in orderly prosecutorial procedures to properly institute charges against a person based on probable cause [ See ABA Code of Professional Responsibility at DR 7-103 (A) + American Bar Association Standards For Criminal Justice, The Prosecution Function at §1.1, 3.4 + 3.8, 9 ]]; McCarthy v. United States, 22 L.Ed. 2d 418-22, 394 U.S. 459, 89 S.Ct. 1166 (1969) [ Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts by the prosecutor's alleged probable cause ]; Lefkowitz v. Newsome, 420 U.S. 283, 43 L.Ed. 2d 196, 95 S.Ct. 886 (1975); (See Doc. 59 ). The United States Attorney or AUSA is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer; He may prosecute with earnestness and vigor - indeed, he should do so; But while he may strike hard blows, he is not at liberty to strike foul ones;[3] It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring a just one, United States v. Delgado, 631 F.3d at 687-88[3]. When the prosecutor vouched for the government witness in this case or Defendant DeLeon's case, as stated herein, it provided the witness with imprimatur of the Government, and induced the district court to trust the government's judgment rather than its own view of the evidence at the defendant's plea and sentencing hearing, Id. at 687-88; Connick v. Thompson, 131 S.Ct. at 1350, 179 L.Ed. 2d at 417; Also See Doc. 59 , which proves that the prosecutor's role to see that justice was done was improper and the improper

(7)

methods caused Defendant DeLeon to plead guilty to a drug charge that the prosecutor knew from the start or beginning of his case that the government did not have any "probable cause" to issue an arrest warrant from a criminal complaint and indictment based on "hearsay" alone against the defendant, in which the agent did not personally observe Defendant DeLeon violate "no" drug laws against the United States with the witness described in the criminal complaint (See Exhibit 1), Fed. R. Crim. P. Rule 4, Notes of Advisory Committee on 2002 amendment & Rule 9(a), all in violation of the Fourth [Warrant Clause], Fifth [Due Process of Law], & Sixth [To be informed of the nature and cause of charge or accusation] Amendments; the ABA Code of Professional Responsibility at DR 7-103(A); the American Bar Association Standards For Criminal Justice, The Prosecution Function at §1.1, 3.4 & 3.8, ¶3; See Exhibit 1 ; the ABA Standards for Criminal Justice at 3-1.1(c), proving his herein asserted claim of prosecutorial misconduct, United States v. Reyes, 577 F.3d 1069-79 (9th Cir. 2009); United States v. Liburd, 607 F.3d 339-46 (3rd Cir. 2010); United States v. Comb, 379 F.3d 564, 572 (9th Cir. 2004); United States v. Sanchez, 176 F.3d 1214 (9th Cir. 1999), and if this U.S. Constitutional right deprivation go uncorrected, it would result in a miscarriage of justice, Id. at 1214, 1218-25, by not "REMANDING" the defendant back to court so that he can have his plea set aside and plead anew, Fed. R. Crim. P., Rule 11(e), Santobello v. New York, 404 U.S. 257, 261-63, 30 L. Ed. 2d 427, 432-34, 92 S.Ct. 495 (1971); Boykin v. Alabama, 395 U.S. at 238; Machibroda v. United States, 368 U.S. at 487; Walker v. Johnston, 85 L. Ed. at 836; Waley v. Johnston, 316 U.S. 101-05; Shelton v. United States, 356 U.S. at 26; Kercheval v. United States, 274 U.S. 220-25; McCarthy v. United States, 394 U.S. at 459; Lefkowitz v. Newsome, 420 U.S. at 283-84; United States v. Gigot, 147 F.3d 1193-1200 (10th Cir. 1998); United States v. Allen, 305 Fed. Appx. 656 (11th Cir. 2006) [The Rule 11 requirements for taking guilty pleas are designed to avoid the danger of an involuntary guilty plea coerced by judicial intervention]; United States v. Corbitt, 996 F.2d 1132 (11th Cir. 1993) [defendant's case was remanded to court to withdraw his guilty plea and plea anew, pursuant to Fed. R. Crim. P. Rule 11(e) for judicial misconduct or prosecutorial misconduct] 5;6;7.

## CONCLUSION

Defendant DeLeon asks this Court to "GRANT" this motion based on the herein facts stated.

(8)

Sincerely Submitted,

Ruben DeLeon, Jr. # 15270-179
F.C.I. MEMPHIS
P.O. Box 34550
Memphis, TN. 38134
Pro-Se Attorney for Defendant

(9)

Footnote 1 – Rule Regulating the Texas Bar, Rule 4-3.4(b); Rule 4-8.4(c); Texas Code of Professional Responsibility, Canon 9; ABA Codes of Professional Conduct, Rule 8.4(c)(d) (1983); 1 Restatement of the Law: The Law Governing Lawyers §5 [Professional Discipline]; ABA Standards for Criminal Justice, Defense Function 4-8.2(a) (3d ed. 1993); ABA Code of Professional Responsibility, E.C. 2-30; ABA Standards for Criminal Justice 4-1.2(d); The Code, D.R. 6-101(A); ABA Standards for Criminal Justice 4-1.1 to 4-8.1, 4-8.3-6 (2d ed. 1980); Rules Regulating The Texas Bar, Rule 1-10.1

Footnote 2 – See Exhibit 1

Footnote 3 – Also see Fourth Amendment's Warrant Clause

Footnote 3 – Defendant DeLeon states to this court that the ineffective performance that was purposefully initiated by his pre-plea counsel caused "severe prejudice" to him and violated his guaranteed right to effective assistance of counsel, in violation of the Sixth Amendment and the ABA Standards for Criminal Justice at 4-3.8[1], in which the defendant has successfully satisfied the second prong or "prejudice" requirement of Strickland v. Washington, 466 U.S. at 668, 688, because he proved herein that his pre-plea counsel's constitutionally ineffective, deficient performance or advice to him to plead guilty affected the outcome of his plea process, Roe v. Flores-Ortega, 528 U.S. at 486, and there is a reasonable probability or "100% chance" that, but for his pre-plea counsel's deficient advice or errors, he would not have pleaded guilty and would have submitted a pretrial motion to dismiss his indictment for insufficient evidence before going to trial or without having to go to trial, Id. 528 U.S. at 486; McMahon v. Hodges, 225 F. Supp. 2d 357 (S.D.N.Y. 2002); North Carolina v. Alford, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970)

Footnote 3 – Ethical Standards for attorneys for the government or 28 U.S.C. 530B(a)(c); 28 C.F.R. 77.1(a),(b),(d); 77.2(a) (Government Attorney),(b),(e); United States v. Whittaker, 201 F.R.D. 363, 364-66

(10)

United States v. Whittaker, 268 F.3d 185, 194-95 (3rd Cir. 2001) [the Government Attorney must "prove" that his conduct was not "unprofessional" and his conduct was not prejudicial to the administration of justice]; Hearing on H.R. 3386, the "Ethical Standards for Federal Prosecutors Act of 1996" Before the House Judiciary Comm., Subcomm. On Courts and Intellectual Prop., 1996 WL 520240 (testimony of Rep. Joseph M. McCade) (Sept. 12, 1996); 1 Restatement of the Law: The Law Governing Lawyers § 5 [Professional Discipline, paragraph c of the Comment] (2000); ABA Model Rules of Professional Conduct, Rule 8.4 (c),(d) (1983); United States v. Olson, 450 F.3d 681 [Footnote 5] (7th Cir. 2005) [government must have complied with the ethical rules pursuant to 28 U.S.C. 530B (a) in Defendant DeLeon's case]; Rules Regulating the Texas Bar, Rule 4-3.4 (b) [a government attorney shall not fabricate evidence]; Rule 4-8.4(a) [a government attorney shall not violate or attempt to the Rules of Professional Conduct]; Rule 4-8.4 (c) [a government attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation]; Rule 4-8.4 (d) [a government attorney shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of Justice]; Texas code of Professional Responsibility, Canon 9 [a government attorney should avoid even the appearance of professional impropiety]; Rules Regulating the Texas Bar, Rule 1-10.1 (Compliance) [All members of the Texas Bar shall comply with the terms and intent of the Rules of Professional Conduct as established and amended by the court for the United States District Court For The Southern District of Texas [Laredo Division]]; Texas Constitution, Article V § 15 [The Supreme Court of Texas impose discipline for violating the Bar's rules]; United States Attorney's Manual § 9-3.400 [the United States Attorney had to recuse himself from prosecuting Defendant DeLeon when he found out that the Special Agent for U.S. Immigration and Customs Enforcement did not investigate the defendant to see did he violate the drug laws against the United States and just used illegal "hearsay" as probable cause to obtain an arrest warrant for his arrest; Also See Doc. 1, 4 ]; Fed. R. Crim. P. Rule 4, Notes of Advisory Committee on 2002 Amendments + Rule 9(a); See Exhibit 1 ]; See Also United States v. Garrudo, 869 F. Supp. 1528 (S.D. Fla. 1994); United States Attorney's Manual §1-4.100 (B),(C); 5 C.F.R. 2635.101 (a),(b)(14); 5 C.F.R. 2638. 101 (a),(b),(C); 102 (a) (1-3, 5-6); Ethics in Government Act of 1978, Public Law 95-521, 92 Stat. 1824 (1978) [As stated in 5 C.F.R. 2600.101(a)]; Connick v. Thompson, 131 S.Ct. 1350, 179 L.Ed. 2d 417, 2011 U.S. Lexis 2594 (2011) [The role of a prosecutor is to see that justice is done; It is much a prosecutor's duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one]; United States v. Delgado,

(11)

651 F.3d 487-88 (5th Cir. 2011) [ The United States Attorney must refrain from improper methods calculated to produce a wrongful conviction ]; Note, Guilty Plea Bargaining: Compromises By Prosecutors To Secure Guilty Pleas, 112 U. Pa. L. Rev. 865, 904 (1964); Comment, Official Inducements to Plead Guilty: Suggested Morals for a Marketplace, 32 U. Chi. L. Rev. 167, 180-183 (1964)

Footnote 5 - The defendant states to this court that the U.S. Attorney's office is "<u>free</u>" to respond to this motion if they feel like there is any inaccuracies in this motion

Footnote 6 - The defendant also states to the court that the government must respond accordingly to this motion in the required time period, See 2011 Rules Governing Section 2255 Proceedings, Rule 5 † 12 and 2011 Federal Rules of Civil Procedure Rule 12 (a)(1)(A)(i) [ the government must serve an answer within "<u>21 days</u>" after being served with this motion by Defendant DeLeon ]

Footnote 7 - Also see Jackson v. Denno, 378 U.S. 368, 387, 12 L. Ed. 2d 908, 922, 84 S.Ct. 1774 (1964) [ Admissibility of a confession must be based on a "<u>reliable</u>" determination on the voluntariness issue which satisfies the constitutional rights of Defendant DeLeon in this case ]; Doody v. Ryan, 2011 U.S. App. Lexis 9102 (9th Cir. 2011) [ Miranda warnings was inadequate + confession was involuntary ]

Footnote Y - In violation of <u>Fifth</u> and <u>Fourteenth</u> Amendments of the U.S. Constitution [ Due Process Clause ] & [ Equal Protection Clause ]

Footnote Z - Moore v. Czerniak, 574 F.3d 1092 (9th Cir. 2005); Thompson v. Runnel, 621 F.3d 1007-21 (9th Cir. 2010); United States v. Lall, 607 F.3d 1277 (11th Cir. 2010); Corley v. United States 556 U.S. __, 129 S.Ct. __, 173 L. Ed. 2d 443-60 (2009)

# CERTIFICATE OF SERVICE

I hereby certify that this Memoranda To Support 28 U.S.C. 2255 Motion is being served to the Court's address below in an United States Postage mail envelope:

United States District Courthouse
1300 Victoria Street, 1st Floor
Laredo, TX 78040

This 15th day of August, 2011

Exhibit 1 - Criminal Complaint with Defendant DeLeon's name on it & mentioned in it based on "_hearsay_"; Copy of 2011 Fed. R. Crim. P. Rule 4, Notes of Advisory Committee on 2002 Amendments & Rule 9(a); Also Example copy of an exhibit from another court proving that the defendant was not assigned to a Criminal complaint, in which this court must submit the same paper to Defendant DeLeon to prove that he cannot have a criminal complaint issued against him based on "_hearsay_" and have an arrest warrant issued for his arrest based on this illegal "_hearsay_"

Complaint

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

U.S. MAGISTRATE COURT
DS-SDTX
FILED
FEB 22 2010
CLERK OF COURT
LAREDO DIVISION

STATES OF AMERICA
V.
Victor PEREZ
Ruben DELEON
Laredo, Texas

CRIMINAL COMPLAINT

Case Number: 5:10-MJ-409

*[handwritten annotations: 3/8/10 Arr, Atty Lamos will repr Att, Atty will repr W1, det + pel → 2/26/10 10AM]*

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __February 19, 2010__ in __Webb__ County, in the __Southern__ District of __Texas__ defendant(s) did,

*(Track Statutory Language of Offense)*

knowingly, willfully and unlawfully possess with intent to distribute a controlled substance listed under Schedule II, Title II, of the Controlled Substance Act, to wit; approximately thirteen point three (13.30) kilograms, gross weight, of cocaine. Furthermore, the defendant(s) did knowingly and unlawfully conspire to possess with intent to distribute the above listed cocaine.

in violation of Title __21__ United States Code, Section(s) __841(a)(1), 846__.

I further state that I am a(n) **Special Agent, U.S. Immigration and Customs Enforcement** and that this complaint is based on the following facts:
_Official Title_

See Attachment A

Continued on the attached sheet and made a part of this complaint: ☒ Yes  ☐ No

_Signature of Complainant_

Walter Frisch
Printed Name of Complainant

Sworn to before me and signed in my presence,

February 22, 2010                                    at    Laredo, Texas
Date                                                         City and State

Scott Hacker, U.S. Magistrate Judge
Name and Title of Judicial Officer                    Signature of Judicial Officer

## ATTACHMENT A

On February 19, 2010, at approximately 10:30 a.m., ICE Special Agents, in coordination with CBP Air and Marine Officers, conducted surveillance of a Beechcraft Baron twin-engine aircraft, bearing tail number ▮▮▮▮▮▮, as it arrived at the Laredo International Airport, Laredo, Texas. The aforementioned aircraft was suspected of being utilized to transport undocumented aliens from Laredo, Texas, to the interior of the United States.

At approximately 11:00 a.m., the pilot and master of the aircraft, Chris Castillo, and the single passenger, Victor PEREZ, entered the aircraft, after loading PEREZ's luggage and personal effects onto the aircraft, to prepare for departure. CBP Air and Marine Officers, based in Laredo, Texas, and ICE Special Agents, approached the aircraft to perform an immigration inspection of PEREZ, while CBP Air and Marine Officers performed a ramp check of the aircraft. Castillo, the pilot and master of the aircraft, granted the Air and Marine Officers consent to search the aircraft and its contents. Air and Marine Officers discovered twelve (12) bundles concealed in PEREZ's suitcase.

At approximately 11:20 a.m., Webb County Constable Investigator Francisco Garcia, utilizing Narcotics Detector Dog "Joep," performed a K-9 inspection of the aircraft and the bundles, resulting in a positive alert to the presence of a narcotics odor emitting from the bundles and PEREZ's suitcase. An intrusive inspection of the bundles was performed revealing a white powder substance that subsequently field-tested positive for cocaine. The cocaine had an approximate gross weight of thirteen point three (13.30) kilograms. PEREZ and Castillo were placed under arrest and transported for questioning.

Before questioning, PEREZ was read his Miranda warnings and agreed to answer questions without the presence of an attorney. During questioning PEREZ stated he had transported and delivered cocaine to an individual known as "Johnny" (LNU), in Cleveland, Ohio, on six previous occasions. He stated he was scheduled to travel to Cleveland, Ohio, for the purpose of transporting and delivering cocaine, on this occasion as well. PEREZ stated he was paid five hundred dollars ($500.00) per kilogram of cocaine that he transported and delivered. Furthermore, PEREZ informed agents he would transport currency from Cleveland, Ohio, to Laredo, Texas. PEREZ said he transported approximately three hundred thousand dollars ($300,000.00) on each occasion. Lastly, PEREZ said he was supplied the cocaine by "Ruben" (DELEON) and would deliver the currency to DELEON upon his arrival in Laredo, Texas, from Cleveland, Ohio.

s on Proposed
Federal Rules
Justice of the
n, Serial No. 6,
ent rule permits
nce between the
ests the decision
e proposed rule
mise underlying
 that only the
ding whether a

ciary cannot be
rest.

e in substance is
cause," a phrase
proposed by the
not in any way
sua sponte, nor
ning warrantless

These sentences
other witnesses
d or summary of
hange to discon-
t appear person-
 an appearance.
d on this matter,

determination of
ons shall not be
n does not apply
elieve an offense
pand or limit the

nts (House Re-
which warrants
des two methods
defendant, or (2)
 the defendant's
n address. The
e, (2) service by
 dwelling, or (3)

e date. Act July
he amendments
ederal Rules of
t Court on April
is Act and shall
e amendment to
effect on August
l also take effect

Tables volumes.

Notes of Advisory Committee on 1987 amendments. The amendments are technical. No substantive change is intended.

Notes of Advisory Committee on 1993 amendments. The Rule is amended to conform to the Judicial Improvements Act of 1990 [P.L. 101-650, Title III, Section 321] which provides that each United States magistrate appointed under section 631 of title 28, United States Code, shall be known as a United States magistrate judge.

Notes of Advisory Committee on 2002 amendments. The language of Rule 4 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic, except as noted below.

The first non-stylistic change is in Rule 4(a), which has been amended to provide an element of discretion in those situations when the defendant fails to respond to a summons. Under the current rule, the judge must in all cases issue an arrest warrant. The revised rule provides discretion to the judge to issue an arrest warrant if the attorney for the government does not request that an arrest warrant be issued for a failure to appear.

Current Rule 4(b), which refers to the fact that hearsay evidence may be used to support probable cause, has been deleted. That language was added to the rule in 1974, apparently to reflect emerging federal case law. See Advisory Committee Note to 1974 Amendments to Rule 4 (citing cases). A similar amendment was made to Rule 41 in 1972. In the intervening years, however, the case law has become perfectly clear on that proposition. Thus, the Committee believed that the reference to hearsay was no longer necessary. Furthermore, the limited reference to hearsay evidence was misleading to the extent that it might have suggested that other forms of inadmissible evidence could not be considered. For example, the rule made no reference to considering a defendant's prior criminal record, which clearly may be considered in deciding whether probable cause exists. See, e.g., *Brinegar v. United States*, 338 U.S. 160 [93 L. Ed. 1879] (1949) (officer's knowledge of defendant's prior criminal activity). Rather than address that issue, or any other similar issues, the Committee believed that the matter was best addressed in Rule 1101(d)(3), Federal Rules of Evidence. That rule explicitly provides that the Federal Rules of Evidence do not apply to "preliminary examinations in criminal cases, . . . issuance of warrants for arrest, criminal summonses, and search warrants." The Advisory Committee Note accompanying that rule recognizes that: "The nature of the proceedings makes application of the formal rules of evidence inappropriate and impracticable." The Committee did not intend to make any substantive changes in practice by deleting the reference to hearsay evidence.

New Rule 4(b), which is currently Rule 4(c), addresses the form of an arrest warrant and a summons and includes two non-stylistic changes. First, Rule 4(b)(1)(C) mandates that the warrant require that the defendant be brought "without unnecessary delay" before a judge. The Committee believed that this was a more appropriate standard than the current requirement that the defendant be brought before the "nearest available" magistrate judge. This new language accurately reflects the thrust of the original rule, that time is of the essence and that the defendant should be brought with dispatch before a judicial officer in the district. Second, the revised rule

17

Rule 9:    Arrest Warrant or Summons on an Indictment or Information

(a) **Issuance.** The court must issue a warrant-or at the government's request, a summons-for each defendant named in an indictment or named in an information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it. The court may issue more than one warrant or summons for the same defendant. If a defendant fails to appear in response to a summons, the court may, and upon request of an attorney for the government must, issue a warrant. The court must issue the arrest warrant to an officer authorized to execute it or the summons to a person authorized to serve it.

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10-29-2009

Dear Clerk of Court,

My name is Trevin Nunnally and I was writing to the court to obtain a copy of the Criminal Complaint [DEA Debriefing Paper] its District Court Docket #5:05-mj-00208 which was sworn in to this court on April 14, 2005 by DEA Kane and filed in court on 4/25/0 by Judge Larry A. Bodiford. This document is seperate from the Criminal Docket Sheet that I obtained from you all on Oct. 6, 2009, which was not included on pg. 3 of 26 of my docket sheet for case # 5:05-cr-00045-RS-AK-1. The copy of the Criminal Complaint is going to serve purpose[s] as an exhibit in my currently pended Amended 2255 case. Thank You!!

Sincerely,
Trevin Nunnally, Sr.
Pro-Se Attorney for Defendant

File'd 11-02-09 USDCFlnSPM1234

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### OFFICE OF THE CLERK

**WILLIAM M. MCCOOL**
CLERK OF COURT
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA 32301-7717
850.521.3501
850.521.3656 FAX

**SHEILA HURST-RAYBORN**
CHIEF DEPUTY CLERK
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA 32301-7717
850.521.3501
850.521.3656 FAX

*Visit our web site at www.flnd.uscourts.gov*

Reply to: Panama City Division

**November 2, 2009**

**RE:**

__X__  This office cannot provide legal advice to individuals about how to proceed with a law suit. We do not have the information you requested. **5:05mj208 is not assigned to you.**

____  The court is unable to act on the subject matter of your letter unless it is in the form of a formal complaint or lawsuit. A form for this purpose is enclosed if you wish to pursue this course of action.

____  The attached paper is returned because the case number on it does not belong in our court. I have searched our court records and cannot find any cases you currently have in our court. Please resubmit this with the appropriate case number or send this document to the appropriate court.

____  The attached paper is returned because there is no case number on it.

____  The information and forms you requested are attached.

____  Your motion not complied with the conference requirement set forth in N.D. Local Rule 7.1(B). A certificate of compliance must be filed no later than   (14 days).

____  Other:

WILLIAM McCOOL, CLERK OF COURT

By Deputy Clerk: S. Anderson

Enclosures

---

*The mission of the Office of the Clerk of the Northern District of Florida is to provide superior service to the public and the Court.*

---

Gainesville Division
401 SE 1st Avenue
Gainesville, Florida 32601
352.380.2400
352.380.2424 FAX

Pensacola Division
1 N. Palafox Street
Pensacola, Florida 32502-5658
850.435.8440
850.433.5972 FAX

Tallahassee Division
111 N. Adams Street
Tallahassee, Florida 32301-7717
850.521.3501
850.521.3656 FAX

Panama City Division
30 W. Government Street
Panama City, Florida 32401
850.769.4556
850.769.7528 FAX